**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 16-cv-00043-RM

In re:

AMERICAN EAGLE ENERGY CORPORATION

      Debtor.

AMERICAN EAGLE ENERGY CORPORATION,

      Plaintiff,

vs.

POWER ENERGY PARTNERS LP,
POWER CRUDE TRANSPORT, INC.,
T&A ENERGY, INC., and
WILLIAM JEGEN,

      Defendants.

---

## ORDER

---

      This matter is before the Court on the "Motion of Defendants Power Energy Partners, LP and Power Crude Transport, Inc., T&A Energy, Inc., and William Jegen for Withdrawal of Reference" (the "Motion") (ECF No. 1), which requests the Court to withdraw the automatic reference of this action pursuant to 28 U.S.C. § 157(d), D.C.COLO.LCivR 84.1(d) and L.B.R. 5011-1. Plaintiff American Eagle Energy Corporation filed a Response (ECF No. 4) to the Motion, stating it does not oppose the withdrawal of reference as requested, but disputes Defendants' allegations in general and assertions that they are entitled to a jury trial.

      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334. Upon consideration of the Motion, the Response, the court file, the applicable portions of the

Bankruptcy Court file, and the applicable statutes, rules, and case law, and being otherwise fully advised, the Motion is granted, in part.

## I.     BACKGROUND

On May 8, 2015, Plaintiff filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code with the Bankruptcy Court for the District of Colorado.  On November 4, 2015, Plaintiff filed an adversarial proceeding in the bankruptcy action against Defendant Power Energy Partners LP ("PEP").   Defendants PEP and Power Crude Transport, Inc. have filed proofs of claim in the bankruptcy case.  The other two Defendants have not.

On December 2, 2015, Plaintiff filed an Amended Complaint, adding the remaining Defendants as parties as well as additional claims.  Generally, the Amended Complaint alleges that Plaintiff and PEP entered into a certain Lease Crude Oil Purchase Agreement for Plaintiff to sell oil to PEP.  The Agreement, according to Plaintiff, prohibits PEP from making deductions, offsets, or counterclaims for amounts owed by or to any third-party.  Nonetheless, Plaintiff alleges, in breach of the Agreement, PEP improperly retained several millions dollars owed to Plaintiff for September and October 2015 post-petition oil productions.   Such amounts are allegedly property of the bankruptcy estate.  The Amended Complaint contains 12 Counts, including claims for breach of contract against PEP (Count III); fraudulent transfers in violation of C.R.S. § 38-8-105 against T&A, Power Crude, and Jegen (Counts IV, V, and VI, respectively)[1]; fraudulent transfers in violation of C.R.S. § 38-8-106 against T&A, Power Crude, and Jegen, all related to the "unauthorized holdbacks" (Count VII, VIII, and IX, respectively); breach of fiduciary duty relating to the September and October 2015 production funds, against PEP and T&A (Counts X and XI, respectively); and tortious interference with contract against all Defendants except PEP, based on the alleged transfer of the September and October 2015

---

[1] Although unclear, it appears these were all allegedly pre-petition transfers by PEP to the other Defendants.

production funds.  Plaintiff alleges the matter is a core proceeding under 28 U.S.C.

§ 157(b)(2)(A) (matters concerning the administration of the estate) and (E) (orders to turn over

property of the estate).

On December 4, 2015, Defendants moved the district court to withdraw the automatic

reference of the adversary proceeding pending before the Bankruptcy Court.  (ECF No. 1.)   In

the Motion, Defendants demand a jury trial and state they do not consent to the entry of

judgment or submission of findings of facts and conclusions of law by the Bankruptcy Court.

(ECF No. 1, pages 4, 6.)   After the briefing was completed on the Motion, on January 5, 2016,

the Bankruptcy Court ordered the Motion be referred to the District Court for further action.

(ECF No. 6.)  The case was ultimately assigned to this Court for resolution.

## II.     ANALYSIS

Generally, pursuant to 28 U.S.C. § 157(a) and D.C.COLO.LCivR 84.1(a), cases under

Title 11, and proceedings arising under or related to cases under Title 11, are initially referred to

the bankruptcy judges for this district.  The district court, however, "may" withdraw, in whole or

in part, any case or proceeding referred "for cause shown."  28 U.S.C. § 157(d).   In addition, the

district court "shall," on timely motion, "withdraw a proceeding if the court determines that

resolution of the proceeding requires consideration of both title 11 and other laws of the United

States regulating organizations or activities affecting interstate commerce."  *Id.*   In this case,

Defendants assert permissive withdrawal is warranted.

Courts consider a number of factors in determining whether cause for withdrawal exists,

including whether the proceedings involves core or non-core matters and whether there is a right

to a jury trial.  *See In re Aichinger*, No. 15-cv-00188-RBJ, 2015 WL 790536, at * 1 (D. Colo.

Feb. 23, 2015) (unpublished) (finding cause where movant has right to jury trial on two claims);

*In re Centrix Fin., LLC*, No. 09-cv-01542-PAB-CBS, 2011 WL 63505 (D. Colo. Jan. 2, 2011)

(unpublished) (discussing factors courts have considered).  In this case, Defendants cite to

several factors as warranting withdrawal, but rely primarily on two arguments: (1) the right to a

jury trial and their lack of consent to a jury trial before the Bankruptcy Court; and (2) the "vast

majority" or "virtually all" of the claims are non-core.  Plaintiff, while generally disputing

Defendants' positions, provides neither legal analysis nor facts to support such dispute, but

simply states it does not oppose the withdrawal as requested.   Such an inchoate position offers

little assistance to the Court, and any dispute as to the initial withdrawal is waived.  *See Baca v.*

*Berry,* 806 F.3d 1262, 1276 (10th Cir. 2015) (arguments inadequately briefed are waived).

　　　　Starting with Defendants T&A and Jegen, Plaintiff seeks the recovery of definitive sums

of monetary damages based on claims under Colorado statutes for fraudulent transfers allegedly

made by PEP to T&A and Jegen.  (ECF No. 1-3, Counts IV, VI, VII, and IX.)  In addition,

Plaintiff seeks monetary damages for T&A's alleged breach of fiduciary duty and tortious

interference with contract.  (ECF No. 1-3, Counts XI, XII).  On the current record, the Court

agrees that these claims raise legal issues and, accordingly, as T&A and Jegen have made a jury

demand and filed no proof of claim, they are entitled to a jury trial on such claims.  *See, e.g.,*

*Granfinanciera, S.A. v. Nordberg* , 492 U.S. 33, 36 (1989) (claim for fraudulent money transfer);

*In re Aichinger*, 2015 WL 790536, at * 1 (citing *Granfinanciera,* 492 U.S. at 43-46) (claims for

preferential or fraudulent transfers); *In re Thrall*, 196 B. R. 959, 969 (Bankr. D. Colo. 1996)

(claim for breach of fiduciary duty most often a legal claim with right to jury trial).  As such,

cause has been shown for the withdrawal of the reference as the Bankruptcy Court is not

authorized to conduct the jury trial demanded in this case.  *See* 28 U.S.C. § 157(e) (bankruptcy

judge may conduct jury trial in certain proceedings and only if specifically designated to do so

by the district court and with the parties' express consent); *In re Centrix Fin., LLC*, 2011 WL 63505, at *2.

As the Court agrees that the right to a jury trial is sufficient cause shown for the withdrawal of the reference, it need not, at this time, evaluate whether withdrawal for cause may also be proper under the other bases asserted, such as the presence of non-core claims. Defendants may raise that issue with the Bankruptcy Court in the first instance. *See* 28 U.S.C. § 157(b)(3) ("The bankruptcy judge shall determine, on the judge's own motion or on a timely motion of a party, whether a proceeding is a core proceeding…."). In addition, the Court also leaves for another day the issue of whether PEP and Power Crude are also entitled to a trial by jury of any legal issues, such as whether their right to a trial by jury may be barred by their respective Proof of Claim, *see Germain v. Connecticut Nat'l Bank*, 988 F.2d 1323, 1329-30 (2d Cir. 1993) and *In re Aichinger*, 2015 WL 790536, at *2, or whether PEP and Power may rely on T&A and Jegen's jury demand for all issues within such demand, *see Calif. Scents v. Surco Prods., Inc.*, 406 F.3d 1102, 1106-08 (9th Cir. 2005).

Although the proceeding is withdrawn as to all parties, the proceeding is withdrawn only in part, and not in its entirety as requested by Defendants. The Court reaches this conclusion for a number of reasons, including Defendants' acknowledgment that the proceedings also contain core matters, the Bankruptcy Court's familiarity with the proceedings, and judicial economy. *See In re M & L Business Mach. Co.*, 159 B. R. 932, 935 (Bankr. D. Colo. 1993); *In re Centrix Fin., LLC*, 2011 WL 63505, at *4, 6. Accordingly, the Court finds the Bankruptcy Court should retain its authority to supervise and resolve all pretrial matters, with dispositive rulings on non-core matters subject to review by this Court upon timely objection made by any party. Upon completion of all pretrial matters, the parties are directed to contact the Court to resolve any trial

and post-trial related matters, including setting a Final Trial Preparation Conference and trial.

## III.   CONCLUSION

Based on the foregoing, it is **ORDERED**

(1)     That the "Motion of Defendants Power Energy Partners, LP and Power Crude Transport, Inc., T&A Energy, Inc., and William Jegen for Withdrawal of Reference" (ECF No. 1) is **GRANTED in part**;

(2)     That the automatic reference of this proceeding to the Bankruptcy Court is **WITHDRAWN only for the purpose of the Final Trial Preparation Conference, the Trial, and all post-trial matters.**  The Bankruptcy Judge shall retain jurisdiction over the adversary proceeding for supervision and resolution of all pretrial matters, with dispositive rulings on non-core matters subject to review by this Court upon timely objection made by any party; and

(3)     That upon the completion of the Final Pretrial Conference and issuance of the Final Pretrial Order, the parties shall jointly contact by Chambers by telephone to set the case for a Final Trial Preparation Conference and Trial.

DATED this 7th day of April, 2016.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge