# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 16-cv-00043-RM
(Adversary Proceeding No. 15-01444-KHT)

In re:

AMERICAN EAGLE ENERGY CORPORATION

    Debtor.

WALTER A. JONES, LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST OF AMERICAN EAGLE ENERGY CORPORATION,

    Plaintiff,

vs.

POWER ENERGY PARTNERS LP,
T&A ENERGY, INC.,
POWER CRUDE TRANSPORT, INC.,
WILLIAM JEGEN,
ROBERT TRUSZ,
GEORGE ARCHOS,
JOHN DANIEL O'GRADY,
POWER ENERGY MARKETING, LLC,
POWER ENERGY HOLDINGS, LLC,
POWER ENERGY PARTNERS, LLC,
POWER MANAGED FUTURES FUND, LLC,
POWER ENERGY LOGISTICS LLC fka WJ TRADING LLC,
PCT HOLDING COMPANY, LLC,
WJHC LLC,
MARIA TRUSZ,
ANTHONY MARSICO, and
ANDREW WHITCOMB,

    Defendants.

---

# ORDER ON
# OBJECTIONS TO BANKRUPTCY COURT'S ORDERS

---

This matter is before the Court on two objections (ECF Nos. 27, 39) to three orders (Adv. Proc. Dkt. ##384, 385, 360) issued by the Bankruptcy Court on three motions for summary judgment (Adv. Pro. Dkt. ## 358-360).[1] These objections are as follows:

- "Objection of Maria Trusz, PCT Holding Company, LLC, Power Energy Holdings, LLC and Power Energy Logistics LLC to Entry by the Bankruptcy Court of (I) Order on Motion for Summary Judgment [Docket No. 384]; and (II) Order on Motion for Summary Judgment [Docket No. 385]" (the "Trusz Objection") (ECF No. 27); and

- "Objection of Power Energy Partners, LP, Power Crude Transport, Inc., Power Energy Marketing, LLC, T&A Energy, Inc., William Jegen, Robert Trusz and George Archos to Entry by the Bankruptcy Court of Order on Motion for Summary Judgment [Docket No. 388]" (the "PEP Objection") (ECF No. 39).

The Court finds and orders as follows, after considering the Trusz Objection and PEP Objection (collectively, "Objections"), the Order on the withdrawal of reference (ECF No. 17), and the applicable law; taking judicial notice of the relevant parts of the Bankruptcy Court's record; and being otherwise fully advised.

## I. BACKGROUND[2]

Defendants Jegen and Archos, individuals, are or were allegedly managers, insiders, and/or affiliates of a number of the entity Defendants, including Defendant Power Energy Partners LP ("PEP"). They allegedly directed much of the actions complained of in this action, all of which are related to a certain "Lease Crude Oil Purchase Agreement" (the "Contract").

On July 1, 2013, PEP and Debtor American Eagle Energy Corporation ("American Eagle") entered into the Contract. Under the terms of the Contract, from July 1, 2013 through December 31, 2015, American Eagle would sell all the crude oil it produced to PEP. "Net payment" from PEP was due to American Eagle without "deduction, offset, or counterclaim for

---

[1] References to filings found in the Adversary Proceeding before the Bankruptcy Court are preceded by "Adv. Pro. Dkt.___." References to filings in the above-captioned action use "ECF No. __."
[2] This is a brief summary, as alleged in the Third Amended Complaint (Adv. Pro. Dkt. 242).

2

amounts owed by or to any third party" "on or before the 20th day of the month following the delivery month." Thus, for example, payment by PEP for oil collected in March would not be due until April 20. PEP sold the oil it purchased from American Eagle to third-parties. Defendant Power Crude Transport, Inc. ("PCT"), an affiliate or insider of PEP, had a service agreement related to the Contract.

Also in January 2013, Defendant Power Energy Holdings, LLC ("PEH"), a PEP affiliate, acquired 12.9% of American Eagle's stock for $14 million through two transactions funded by PEP. According to the allegations, due to the Contract, stock ownership, and PCT's revenue for services related to the Contact, numerous Defendants were "significantly vested" in American Eagle and dependent on American Eagle's financial success.

In about October 2014, American Eagle – and other American oil and gas companies – started experiencing significant financial distress. This was allegedly caused by aggressive action by Saudi Arabian oil sellers which caused the price per barrel of oil in the United States to begin to drop precipitously. This was of concern to PEP, Jegen, and Archos.

By early 2015, Jegen was aware that American Eagle would likely default on debt financing obligations and PEH's $14 million stock investment was imperiled. Beginning in March 2015, Jegen misrepresented to American Eagle that he was attempting to put together a potential "white knight" funding source when in fact he was trying to obtain confidential financial information from and monitor American Eagle's financial state.

The parties' contractual relationship proceeded without incident until April 2015. PEP continued to collect oil from American Eagle until October 2015 but beginning in April 2015, PEP wrongfully withheld amounts owed to American Eagle (the "unauthorized holdbacks") and failed to make full payment for September and October 2015 deliveries. According to the

allegations, PEP sold the oil collected to a third-party but transferred the money received to other third-parties, insiders, and affiliates. This was allegedly Jegen's strategy to reduce potential losses to PEP and affiliates. By November 5, 2015, PEP allegedly transferred and dissipated funds received from the sale of the September and October 2015 oil production and funds from the unauthorized holdbacks (collectively, the "crude oil funds").

Meanwhile, on May 8, 2015, American Eagle filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. A Chapter 11 plan was confirmed and Plaintiff was appointed the Liquidating Trustee of the Liquidating Trust of American Eagle Corporation. Plaintiff filed this action on November 15, 2015, as adversary proceeding 15-01444 HRT, just days after PEP transferred the crude oil funds. Certain defendants moved to withdraw the automatic reference of the adversary proceeding and the Court ordered the action withdrawn in part.

The Third Amended Complaint asserts twenty claims against PEP and its alleged managers, insiders, and affiliates. The Trusz Objection argues the Bankruptcy Court should have resolved a choice of law issue, raised in two motions for summary judgment, relative to Plaintiff's "fraudulent transfer claims." The parties to the Trusz Objection assert that they should not have to wait until the end of the adversary proceeding; that knowing which law applies will allow them to be properly prepared for what remains in this litigation. Thus, the Trusz Objection requests the Court to direct the Bankruptcy Court to make that determination. Plaintiff counters that (1) this Court's order of withdrawal does not permit objections to non-dispositive rulings; (2) the Bankruptcy Court properly exercised its discretion to not rule on the issues of law, i.e., which law applies; and (3) Defendants concede the fraudulent transfer claims will proceed to trial so the choice of law issue will be resolved by this Court as part of the jury instruction

process.

The PEP Objection asserts that the Bankruptcy Court should have decided the legal question of which law applies to the fraudulent transfer act claims as to all relevant Defendants and should not have denied summary judgment on Count XVIII based on legal theories and asserted facts which were not pled. As relief, the PEP Objection requests the Court (1) to direct the Bankruptcy Court to make the choice of law determination as to Count XVII or, alternatively, for this Court to do so based on the Motions and related documents; and (2) to remand to the Bankruptcy Court to determine whether summary judgment should be granted or denied based on "intrinsic" fraud pled in the Third Amended Complaint rather than the "new" "extrinsic" fraud[3] theory raised in Plaintiff's papers. Plaintiff's counterarguments to the PEP Objection are those made in opposition to the Trusz Objection and that the PEP Objection fails to show the Court should order reconsideration by the Bankruptcy Court of Count XVIII.

Based on these arguments, of the twenty claims pled, nine are relevant to the Objections: (1) Counts VII, IX, X, XI, XII, XIII, XIV, and XVII for fraudulent transfers under the Colorado Uniform Fraudulent Transfer Act ("CUFTA"); and (2) Count XVIII (against Jegen and Archos) for false pretenses, false representation, or actual fraud. After a de novo review of the Objections, the Court starts – and ends – with the scope of the withdrawal.

## II. DISCUSSION

In its Order on the motion to withdraw the reference, the Court ordered that "[t]he Bankruptcy Judge shall retain jurisdiction over the adversary proceeding for supervision and resolution of all pretrial matters, with *dispositive rulings* on non-core matters subject to review by this Court upon timely objection made by any party." (ECF No. 17, p. 6 (emphasis added).)

---

[3] According to the PEP Objection, "extrinsic fraud" is apparently fraudulent conduct which *preceded* the execution of the Contract.

Plaintiff contends that the Bankruptcy Court's Orders denying the relief sought as to the nine Counts at issue are not dispositive. On this record, the Court agrees.

Starting with the eight counts for relief based on the CUFTA, movants advocated for the application of the Texas version of the Uniform Fraudulent Transfer Act ("TUFTA") but the Bankruptcy Court did not reach the issue of which state's fraudulent transfer statute applies. Thus, that issue is left open for a decision by this Court. While a motion for summary judgment is dispositive, *see* D.C.COLO.LCivR 72.3 (identifying motions for summary judgment and partial summary judgment as dispositive motions), the denial of the motion on this issue is not.

The Court, however, understands Defendants' concerns about how they should proceed in light of this uncertainty and desire for the resolution of this issue. The Court agrees the issue should be resolved sooner rather than later in light of the stage of this litigation. Thus, it rejects Plaintiffs' suggestion that the decision should be made during the jury instruction process. Instead, the Court finds that once this matter is ready for a trial preparation conference and trial, the Court will set an expedited schedule to brief this issue for resolution.

As for the fraud-based count (Count XVIII), the Bankruptcy Court apparently considered all the arguments raised in the third motion for summary judgment and found there were issues of material fact. The PEP Objection does not claim that the Bankruptcy Court made any dispositive ruling. Instead, the PEP Objection claims the Bankruptcy Court erred because it considered issues – or theories – that were allegedly not pled.[4] The parties to the PEP Objection do not contend that, had such alleged additional theories not been considered by the Bankruptcy Court, summary judgment should have been granted. Instead, the PEP Objection requests the Court to ask the Bankruptcy Court to take another look, without such allegedly unpled extrinsic

---

[4] But, based on the record, it appears the parties' discovery encompassed whether alleged fraudulent conduct occurred throughout the parties' dealings.

fraud theories, and determine whether summary judgment should be granted. But, the PEP Objection fails to show that a dispositive ruling was made. On the contrary, it appears to seek another chance to determine if a dispositive ruling may be had. On this record, the Court finds no basis to request the Bankruptcy Court to take another look.

III. CONCLUSION

Based on the foregoing, it is **ORDERED** that

(1) That the "Objection of Maria Trusz, PCT Holding Company, LLC, Power Energy Holdings, LLC and Power Energy Logistics LLC to Entry by the Bankruptcy Court of (I) Order on Motion for Summary Judgment [Docket No. 384]; and (II) Order on Motion for Summary Judgment [Docket No. 385]" (ECF No. 27) is OVERRULED; and

(2) That the "Objection of Power Energy Partners, LP, Power Crude Transport, Inc., Power Energy Marketing, LLC, T&A Energy, Inc., William Jegen, Robert Trusz and George Archos to Entry by the Bankruptcy Court of Order on Motion for Summary Judgment [Docket No. 388]" (ECF No. 39) is OVERRULED.

DATED this10th day of May, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge